UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WESTON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>US ATTORNEY GENERAL,<br><br>　　　　　　　　　Defendant. | Case No.: 3:25-cv-01613-RBM-MMP<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[Doc. 7]** |

　　　　On June 24, 2025, Plaintiff Mark Weston ("Plaintiff"), proceeding *pro se*, filed a Complaint seeking to restore his right to possess a firearm pursuant to 18 U.S.C. § 925(c) ("Complaint"). (Doc. 1 at 3.)[1] That same day, Plaintiff filed a Motion for Relief of Federal Firearms Disabilities requesting the same relief ("Motion for Relief"). (Doc. 3.)

　　　　Pending before the Court is Defendant United States Office of the Attorney General's ("Defendant" or the "Attorney General") Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"). (Doc. 7.) Plaintiff subsequently filed several motions including: (1) a Motion to Continue (Doc. 8); a Motion for Judicial Review and Motion in

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

1

3:25-cv-01613-RBM-MMP

Response to Motion Filed By Defendant to Dismiss the Case ("Motion for Review") (Doc. 9); a Motion to Consider Additional Evidence for Judicial Review (Doc. 11), and a Motion for Judicial Review of Additional Evidence (Doc. 13).[2]

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, Defendant's Motion to Dismiss (Doc. 7) is **GRANTED** and Plaintiff's remaining motions (Docs. 3, 8–9, 11) are **DENIED AS MOOT**.

## I.   BACKGROUND

### A.   Factual Background[3]

On or around May 20, 2019, Plaintiff "was admitted to Scripps Hospital Emergency for observation due to severe pain" and was "subsequently transferred, while unconscious, and without [his] consent, to an outside facility." (Doc. 9 at 1; *see id.* at 5 (responding to Plaintiff's inquiry to amend the arrest entry dated May 20, 2019 and stating no such record was found on his California criminal history record).) "At the earliest possible opportunity provided," Plaintiff filed a writ of habeas corpus in the Superior Court of California, County of San Diego ("San Diego Superior Court"). (Doc. 9 at 1.) The San Diego Superior Court subsequently granted the writ and Plaintiff was released. (*Id.*)

Plaintiff filed a petition for relief from Prohibition of Ownership of Firearms and Ammunition in San Diego Superior Court, which was granted on April 9, 2024. (*Id.* at 2–3.) Plaintiff waited 60 days after the San Diego Superior granted his relief but claims that his background check was nonetheless denied. (*Id.* at 2.) He also submitted three separate forms titled "Claim of Alleged Inaccuracy or Incompleteness" to the California Department of Justice on May 21, 2024, June 3, 2024, and November 13, 2024. (*Id.* at 9–11.) However,

---

[2] The Court construes the Motion for Review (Doc. 9) as Plaintiff's response in opposition to Defendant's Motion to Dismiss.

[3] Because Plaintiff is proceeding *pro se*, the Court has reviewed his various filings to determine if any portion pertains to the instant Motion to Dismiss.

1  Plaintiff's background check was still denied. (*Id*. at 2.)

2  On January 13, 2025, the United States Department of Justice, Federal Bureau of Investigation's ("FBI") National Instant Criminal Background Check System ("NICS") Section informed Plaintiff that he had been matched with a prohibiting record under 18 U.S.C. § 922(g)(4).[4] (*Id*. at 7–8.) Plaintiff alleges that he submitted a records correction request to the FBI's NICS Section, which was denied due to insufficient documentation. (*Id*. at 2.) He then requested that the San Diego Superior Court send a copy of the order granting his relief from firearms prohibition directly to the FBI's NICS section and "reopened the FBI NICS records challenge request, [but] it was denied." (*Id*.)

Plaintiff also "personally appeared … and requested relief information" at the San Diego district office for the United States Attorney General, the San Diego field office for the FBI's Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the office of Senator Mike Levin, and the office of Senator Catherine Blakespear. (*Id*.) Plaintiff was informed that no information was available and that "to date, there was no formal administrative process established for federal firearms disabilities relief." (*Id*.) Once again, Plaintiff "re-opened the records challenge request with FBI NICS" and was informed that "the information provided failed to meet the requirements of a records challenge request and [had] been referred to a different entity for possible future processing." (*Id*.)

**B.   Procedural Background**

On June 24, 2025, Plaintiff filed the Complaint in which he alleges that Defendant "failed to provide [an] opportunity for request for relief from firearm disabilities." (Doc. 1 at 1–3.) He filed the Motion for Relief that same day. (Doc. 3.) On August 11, 2025, Plaintiff filed several Letters of Recommendation. (Doc. 6.) On August 22, 2025,

---

[4] "It shall be unlawful for any person . . . who has been adjudicated as a mental defective or who has been committed to a mental institution . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(4).

3

3:25-cv-01613-RBM-MMP

Defendant filed the Motion to Dismiss.  (Doc. 7.)  Plaintiff filed the Motion to Continue (Doc. 8) and the Motion for Judicial Review (Doc. 9) shortly thereafter.  On November 17, 2025, Plaintiff filed an additional letter of recommendation (Doc. 10) and filed the Motion to Consider Additional Evidence (Doc. 11) the next day.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a party may move to dismiss an action for lack of subject matter jurisdiction.  "When subject matter jurisdiction is challenged under [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*.  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (cleaned up).

## III.     DISCUSSION

Plaintiff seeks to restore his right to possess a firearm pursuant to 18 U.S.C. § 925(c) based on Defendant's alleged failure to provide a mechanism for seeking such relief. (Doc. 1 at 1–3.)  As relief, Plaintiff requests: (1) "a hearing with [the] Attorney General" to request and establish his basis for relief under § 925(c) so that "the Attorney General may grant" such relief (*id*. at 3); (2) that the Court review evidence in support of his application (*id*; *see* Docs. 6, 9–11); and (3) that "all prohibitive entries be removed and treated as though they never existed" such that "no FLL [('Federal Firearms License')] background

check would be denied in any state or country." (Doc. 1 at 3.)

Defendant argues that the Court lacks subject matter jurisdiction over this action because Defendant has not denied Plaintiff's request for relief under § 925(c) and judicial review is thereby precluded. (Doc. 7 at 3–6.) The Court agrees.[5]

Federal law prohibits certain individuals from possessing firearms. *See* 18 U.S.C. § 922(g)(1)–(9). The only mechanism for a district court to restore the federal right to possess a firearm is through 18 U.S.C. § 925(c) which provides, in relevant part, that:

> A person who is prohibited from possessing . . . firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws . . . and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial.

18 U.S.C. § 925(c).

These procedures "for seeking relief make clear that an actual decision by ATF on an application is a prerequisite for judicial review, and that mere inaction by ATF does not invest a district court with independent jurisdiction to act on an application." *United States v. Bean*, 537 U.S. 71, 75–76 (2002).[6] As such, "judicial review under § 925(c) cannot occur without a dispositive decision by ATF." *Id*.

---

[5] Having reached this conclusion, the Court does not reach Defendant's sovereign immunity arguments. (*See* Doc. 7 at 4.)

[6] As Defendant notes, the Secretary of the Treasury previously had the authority to process federal firearm disability applications until 18 U.S.C. § 925(c) was amended and it was replaced with the Attorney General. (*See* Doc. 7 at 5 n.2.) The Attorney General delegated its authority to process such applications to the ATF but recently proposed removing the delegation. (*See id*. (citing *Withdrawing the Attorney General's Delegation of Authority*, 90 Fed. Reg. 13,080 (Mar. 20, 2025) (to be codified at 27 C.F.R. pt. 478)).)

In this case, the Court lacks jurisdiction to review Plaintiff's application to remove firearms disabilities. The Complaint and Plaintiff's various filings in this case make clear that Plaintiff has not submitted a § 925(c) application to Defendant. (*See* Doc. 1 at 2 (alleging that Plaintiff was unable to obtain information from various governmental entities).) It follows that Defendant has not denied Plaintiff's application. While Plaintiff claims that Defendant failed to provide a process for relief, "[i]naction . . . does not amount to a 'denial' within the meaning of § 925(c)." *Bean*, 537 U.S. at 75; *see Burtch v. United States Dep't of the Treasury*, 120 F.3d 1087, 1090 (9th Cir. 1997) (affirming dismissal for lack of subject matter jurisdiction under § 925(c) where "'denial' means an adverse determination on the merits and does not include a refusal to act."). "Absent such denial, this court lacks jurisdiction to review Plaintiff's Application to restore his right to possess a firearm."*Jones v. Ca.*, No. 2:23-CV-02769-FLA (JC), 2023 WL 5310221, at *2 (C.D. Cal. Aug. 16, 2023), *aff'd sub nom. Jones v. California*, No. 23-55746, 2024 WL 2844658 (9th Cir. June 5, 2024) (collecting cases).[7]

Plaintiff correctly notes that "there is no formal process or paperwork available with the Attorney General." (Doc. 3 at 2.) Indeed, "[s]ince 1992, Congress has prohibited the use of funds 'to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. § 925(c).'" *Mai v. United States*, 952 F.3d 1106, 1111 (9th Cir. 2020) (quoting *Bean*, 537 U.S. at 74–75); *see Zherka v. Bondi*, 140 F.4th 68, 71 n.4 (2d Cir. 2025) ("Section 925(c). . . is currently without practical effect because . . . Congress has repeatedly defunded the administrative apparatus necessary to implement the statute since 1992."). This effectively prevents the ATF from processing such applications and forecloses access to judicial review. *Bean*, 537 U.S. at 76; *see United States v. McGill*, 74 F.3d 64, 67 (5th Cir.1996) ("By withdrawing funds to the ATF to process these

---

[7] For the same reasons, the Court lacks jurisdiction to grant Plaintiff's other requests for relief including that the Court "nullif[y] and remove[ ]" the "prohibitive entry" and "submit notification of correction directly to all state and federal databases." (Doc. 9 at 2.)

applications under these circumstances and with this explanation by the appropriations committee, it is clear . . . that Congress intended to suspend the relief provided by § 925(c)."). Accordingly, "[§] 925(c) privileges for individuals cannot be reinstated by the district court based upon ATF's failure to process the individuals' applications." *Burtch*, 120 F.3d at 1090 (affirming conclusion that "the prohibition against investigating and acting upon applications from individuals under § 925(c) has a rational basis and does not deny the plaintiff equal protection under the law or violate any constitutional rights"); *see also Mai*, 952 F.3d at 1111 (affirming dismissal and finding § 922(g)(4) did not violate the plaintiff's Second Amendment rights as it is a "reasonable fit for the congressional goal of reducing gun violence" even where "no avenue for seeking relief from § 922(g)(4)'s prohibition" exists due to lack of congressional funding).

The Court therefore lacks subject matter jurisdiction over this action and the Motion to Dismiss (Doc. 7) is **GRANTED**. While a *pro se* litigant is ordinarily granted an opportunity to amend deficient pleadings, *see Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014), no additional set of facts can invoke this Court's jurisdiction because "any application by Plaintiff for relief pursuant to § 925(c) would be futile" "unless Congress chooses in the future to fund the federal program." *Mai*, 952 F.3d at 1111; *see Bean*, 537 U.S. at 78 ("[A]bsence of an actual denial of respondent's petition by ATF precludes judicial review under § 925(c)"). Accordingly, the Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. This dismissal is without prejudice to any subsequent denial of Plaintiff's petition for relief under § 925(c).[8]

//
//
//

---

[8] Defendant suggests that § 925(c) may not remain defunct for long as the Attorney General published a proposed rule on July 16, 2025 "to begin the process of creating an avenue for individuals to seek relief under 18 U.S.C. § 925(c)." (*See* Doc. 7 at 5 n.2.)

## IV. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 7) and the Complaint (Doc. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**. Plaintiff's remaining motions (Docs. 3, 8, 9, 11, 13) are therefore **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE: December 9, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE